UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:01cr-39-R

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

KIMBERLY YATES                                                                                      DEFENDANT

## OPINION & ORDER

This matter comes before the Court on the Defendant's Motion to Compel the United States of America ("Government") to file a motion pursuant to Rule 35(b)(2) or in the alternative, a motion for an evidentiary hearing (Docket #55). The Government has responded (Docket #56), and the Plaintiff, Kimberly Yates ("Yates"), has filed a reply to that response (Docket #57). This matter is now ripe for adjudication. For the following reasons, the Defendant's motions are **DENIED**.

## FACTS

The Defendant contends that she is entitled to a sentence reduction because she cooperated with and provided evidence to an Assistant United States Attorney in the Eastern District of Pennsylvania, Ms. Roberta Benjamin, regarding a case against a prison guard who had allegedly raped and/or had inappropriate contact with three (3) female inmates, including the Defendant. Yates came forward and offered information after the complaint was filed. She stated that the prison guard had raped her. However, Yates never made an appearance before the grand jury because her attorney did not want her stationed in the same facility as acquaintances of the prison guard. Eventually, the prison guard confessed to the crimes.

Yates now wishes to compel the government to file a Rule 35(b) motion to reduce her sentence or in the alternative grant her an evidentiary hearing. She claims that the Government

has demonstrated an unconstitutional motive in not filing the Rule 35 motion, and therefore, she is entitled to a motion to compel or an evidentiary hearing.

## DISCUSSION

The Sixth Circuit Court of Appeals, in *U.S. v. Monus*, in quoting the United States Supreme Court case of *Wade v. United States*, states that "'the federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.'" *U.S. v. Monus*, 20 Fed. Appx. 511, 512-13 (6th Cir. 2001) (*quoting Wade v. United States*, 504 U.S. 181, 185-86 (1992)). In order to receive an order by the court to compel or an evidentiary hearing, a defendant must meet a "substantial threshold showing" that demonstrates an unconstitutional motive on behalf of the Government, which must be greater than "generalized grievances of improper motive." *Wade* at 186. In *Monus*, the Court determined the defendant had not produced any evidence that demonstrated that the Government had an unconstitutional motive when the Government did not move to reduce the defendant's sentence, and therefore, the Court denied the motion of the defendant. *Monus* at 513.

Here, similar to *Monus*, the Defendant has not provided any evidence to support her position that the Government possessed an unconstitutional motive when it decided not to file a Rule 35(b) motion. Yates only claims that she assisted the Government, however, that alone does not entitle her to a motion to compel or an evidentiary hearing because it does not show an unconstitutional motive on the part of the Government. The Defendant may have been willing to assist the AUSA in the Eastern District of Pennsylvania, but her assistance was not dispositive in the Government getting a conviction in that matter. As such, the Defendant has not met her

substantial threshold showing in this matter.

The Defendant refers the Court to the Eight Circuit Court of Appeals case of *United States v. Rounsavall*, where the Court held that the defendant was entitled to an evidentiary hearing on whether the government acted irrationally or in bad faith in failing to file a substantial assistance motion. *United States v. Rounsavall*, 128 F.3d 665, 669 (8th Cir. 1997).  In *Rounsavall*, in contrast to the instant matter, the defendant in that case made her appeal for an evidentiary hearing regarding alleged promises and a plea made by an Assistant United States Attorney for her assistance in a drug and money laundering trial against her brother. *Id.* at 666-67.  The Court determined that the defendant was entitled to an evidentiary hearing because of alleged bad faith on the part of the Government. *Id.* at 668-69.  However, in a subsequent decision by the Eighth Circuit Court of Appeals, in the case of *United States v. Moeller*, the Court stated that a "bad faith" requirement as used by the Court in *Rounsavall* did not equate with the necessary.nefouse "unconstitutional motive" applied by the United States Supreme Court in *Wade*. *United States v. Moeller*, 383 F.3d 710, 712 (8th Cir. 2004).  The Court in *Moeller* also emphasized that the defendant must provide evidence to demonstrate an unconstitutional motive. *Id.*

Here, the Defendant has not provided any evidence of an unconstitutional motive or bad faith on the part of the Government.  In looking at the circumstances surrounding the cooperation of Yates, her assistance was not dispositive in the Government getting a conviction in that matter.  Accordingly, the Defendant has not met the substantial threshold showing necessary to mandate a motion to compel or evidentiary hearing.

## CONCLUSION

3

For the foregoing reasons, the Defendant's motions are **DENIED**.

**IT IS SO ORDERED:**

The Defendant's motion to compel and motion for an evidentiary hearing are **DENIED**.